## TINTIC STANDARD MINING CO. v. BOARD OF EQUALIZATION AND ASSESSMENT OF UTAH et al.

No. 4592.   Decided July 30, 1927.   (295 P. 249.)

*W. I. Snyder, Cheney, Jensen, Martineau & Stephens,* and *Dey, Hoppaugh, Mark & Johnson,* all of Salt Lake City, for plaintiff.

PER CURIAM.

In this case a petition is filed and presented to this court by the Tintic Standard Mining Company, a corporation, praying for a writ of mandamus directing the board of equalization and assessment of the state of Utah, and its members, in arriving at the net proceeds of the petitioner's mine to deduct as costs and expenses from the gross receipts $42,000 paid by the company to E. J. Raddatz and James W. Wade, as salaries for services rendered the company as general and assistant general managers of its properties, Raddatz at such time being the president and a director of the company and Wade a director thereof, which deductions the board refused to make. A demurrer for want of facts and that the petitioner had an adequate remedy in the ordinary course of law was interposed to the petition and the case thereon argued and submitted.

A majority of the members of the court are of the opinion that the demurrer should be sustained on the grounds: (1) That it is not alleged in the petition that the compensation paid Raddatz and Wade was reasonable or just or that the services alleged to have been rendered were of the reasonable value paid; (2) that it is not alleged in the petition that either Raddatz or Wade was a resident of the state of Utah or residing therein; and (3) that under chapter 114, Laws Utah 1919, the board is not authorized to deduct as costs or expenses any salary or compensation paid to any corporate officer of a mining company whether such salary or compensation was paid to such officer as such or for any other purpose or in any other capacity. In other words, any salary or compensation paid to a corporate officer of a mining company, no matter for what purpose it was paid to him, may not be deducted as costs or expenses within the meaning of section 5931, c. 114, Laws Utah 1919. And hence the petition should be dismissed and the writ applied for denied. All members of the court concur as to the first stated ground of the demurrer. A minority dissent as to the stated second and third grounds.

Thus it is the judgment of this court, and it hereby is ordered, that the demurrer to the petition be, and it hereby is, sustained, the petition dismissed, and the writ applied for denied.